IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY FRISBY,<br><br>        Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC.,<br><br>        Defendant. | Civil Action No. 19-cv-07989<br><br>Judge Matthew F. Kennelly<br><br>Magistrate Judge Jeffrey Cole |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF THE PARTIES' CLASS ACTION SETTLEMENT, CONDITIONAL CERTIFICATION OF SETTLEMENT CLASS AND COLLECTIVE ACTION, APPROVAL OF CLASS NOTICE, AND FOR SCHEDULING <u>FINAL APPROVAL HEARING</u>**

**I.    INTRODUCTION AND BACKGROUND**

After engaging in months of discovery and participating in a settlement conference with Magistrate Judge Cole, and notwithstanding their adversarial positions in this matter, Plaintiff Larry Frisby ("Plaintiff") and his counsel and Defendant Sky Chefs, Inc. ("Defendant") and its counsel negotiated a settlement of this litigation (the "Action") subject to Court approval.

On December 5, 2015, Plaintiff filed the Action on behalf of himself and others similarly situated, alleging that Defendant failed to pay him and other similarly situated employees in accordance with the Fair Labor Standards Act, 29 U.S.C. 201 *et seq.* (the "FLSA") (Count III), the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* (the "IMWL") (Count IV) and the City of Chicago Minimum Wage Ordinance, Chapter 1-24, Section 1-24-020, et seq. (Count V). [1]

---

[1] Plaintiff's Complaint also included two other counts relating to alleged privacy violations, which were subsequently dismissed by this Court on August 3, 2020, Doc. #31.

Defendant operates in-flight catering and related food services for the airline industry; and Plaintiff and the putative class worked for Defendant primarily at its O'Hare International Airport Customer Service Center. The proposed settlement class includes all current and former non-exempt hourly paid employees who are or were employed by Sky Chefs, Inc. in Illinois at any point from December 5, 2016 to the date of preliminary approval of the settlement by the Court, who have not excluded themselves from this Action ("Class Members").

On August 10, 2020, Defendant filed its Answer to Plaintiff's Complaint, denying all material allegations set forth in the Action and asserting numerous affirmative defenses. (Doc. No. 32). Defendant continues to deny any liability or wrongdoing of any kind associated with the claims alleged by Plaintiff in the Action.

Shortly after Defendant filed its answer, the Parties began discussing the possibility of resolving this matter. Towards this goal, the Parties actively engaged in extensive informal discovery, and Defendant produced data regarding Plaintiff and putative Class Members' employment, time worked and compensation paid.

On March 17, 2016, the Parties attended a settlement conference conducted by Magistrate Judge Cole. The Parties reached an agreement in principal to settle at the settlement conference; and, since that date, the Parties have worked to finalize the terms of the Class Action Settlement Agreement (the "Settlement Agreement") attached hereto as Exhibit 1.

Plaintiff now presents to this Court the parties' Settlement Agreement, which Plaintiff's counsel believes is fair, reasonable, and adequate for Plaintiff and the Class. The Settlement is the product of arms-length negotiations by experienced counsel and has the effect of (1) providing relief to Class Members and (2) eliminating the risk both sides would bear if this

litigation continued to resolution on the merits.

Plaintiff seeks preliminary approval of the Settlement Agreement, and specifically, the Rule 23 and 29 USC § 216(b) portions of the Settlement Agreement; and requests that this Court enter an Order: (1) granting preliminary approval to the proposed Settlement Agreement; (2) conditionally certifying the proposed Rule 23 class as a class action for settlement purposes; (3) conditionally certifying the proposed FLSA collective action for settlement purposes; (4) granting permission to disseminate the notice of settlement to Class Members in the form attached hereto as Exhibit 2; (5) appointing Larry Frisby as Class Representative; and appointing Jeffrey Brown of Jeffrey Grant Brown, P.C. and Glen J. Dunn of Glen J. Dunn & Associates, Ltd. as Class Counsel; (6) setting a date for the Fairness Hearing; and (7) setting a date for Class Counsel to file a petition for an award of attorneys' fees and costs. The parties' proposed order granting this motion and this relief is attached as Exhibit 3.

## II.    TERMS OF THE PROPOSED SETTLEMENT

The following summarizes the Settlement Agreement's terms:

### A.    The Proposed Class

For purposes of the Settlement Agreement, the Proposed Class will consist of all current and former non-exempt hourly paid employees who are or were employed by Sky Chefs, Inc. in Illinois at any point for at least seven days from December 5, 2016 through the date of entry of an Order preliminarily approving this settlement, who have not excluded themselves from this Action, which includes the Class Representative and all Opt-in Plaintiffs.

Defendant's records identify approximately 2,186 persons as putative members of the collective and class, though that number may change through the date of entry of an order

preliminarily approving this settlement.

### B. Payments to Class Members; Scope of Release

The Parties' Settlement Agreement provides a total gross settlement amount of $420,000.00, inclusive of attorneys' fees, expenses and costs, and a service award. Defendant will separately pay all settlement administration costs. Approximately $276,000.00 of the gross settlement amount will be paid to the Class Members. Each Class Member's estimated share of the settlement fund will be calculated based on an equitable formula that considers the number of weeks Defendant employed the Class Member during the period December 5, 2016 through the date of entry of an Order preliminarily approving this settlement (the "Class Period"). See Ex. 1, Settlement Agreement ¶ 7. The Settlement Payment of each Qualified Class Member who worked for Sky Chefs for no more than eighteen weeks shall be $25. Payments for Class Members other than those receiving the $25 minimum payment, shall be calculated on a pro rata basis based on a percentage, calculated by dividing a numerator equaling the number of weeks that the individual was employed by Sky Chefs in a non-exempt hourly paid position during the Class Period by a denominator equaling the sum of all individual numerators.

The release to which Class Members will be bound is limited, and only releases wage and hour claims that were or could have been brought in this case under the facts alleged in the Complaint, including such claims under the Illinois Minimum Wage Law, the Chicago Ordinance, and all other state and local laws. *Settlement Agreement, ¶ 3(c)*. Class Members will release their federal FLSA claims only if they negotiate their settlement checks. The checks will expressly advise Class Members that by signing or negotiating the checks, they are opting into the FLSA collective action and waiving their FLSA claims. Their signed checks will be e-filed

via ECF as consent forms pursuant to 29 U.S.C. §216(b).

C.  **Special Incentive Payment for Named Plaintiff**

The Settlement Agreement also contemplates an Incentive Payment to Named Plaintiff Larry Frisby, to acknowledge his service to the class. This payment would be in addition to any settlement payment that he receives as a Class Member in this matter. Contingent on the Court's approval and Mr. Frisby's agreement to a full release of claims, he would receive an Incentive Payment of Five Thousand Dollars ($5,000.00). In light of his efforts resulting in a $420,000.00 settlement on behalf of the Class, the incentive payment is an appropriate award for his efforts in conducting the litigation, including bringing the matter, retaining counsel, presenting written discovery responses, communicating with potential witnesses and presenting for deposition, and Plaintiff seeks the preliminary approval of such a payment through this motion.

D.  **Settlement Administration and Notice**

The Parties have agreed to use Simpluris as the Claims Administrator in this matter. Defendants are paying all costs relating to administration as a term of the parties' settlement agreement, and defense counsel has utilized the services of Simpluris in the past and have found that Simpluris does a superior job at a competitive price compared to other class action administration firms. The duties of the Claims Administrator are set forth in the Settlement Agreement. Defendant agrees to cooperate with the Claims Administrator to ensure that it has all of the information reasonably necessary to perform its tasks; and Plaintiffs' counsel is provided the right to notice and input on several of the Administrator's substantive tasks. The Parties will provide the Court with a declaration from the Claims Administrator of due diligence and proof of mailing with regard to the mailing of the Notice Packets prior to the Final Approval Hearing.

The Parties' proposed notice provides that the Class Members would be informed of and given the opportunity to participate in this settlement by receiving a Notice of Settlement via first-class mail, which explains the terms and conditions of the settlement to the Class Members (the "Class Action Notice"), the proposed form of which is attached to the Settlement Agreement, as Exhibit 2.

The proposed notice includes all essential information about the lawsuit required under Rule 23, including the persons affected, the nature of the Action, the possibility of and method for excluding him or herself from the settlement, or objecting to the settlement, and an explanation of how to obtain additional information relating to the Settlement from the Claims Administrator and Class Counsel.

### E. Attorneys' Fees and Costs

The Settlement Agreement provides that Class Counsel will petition the Court for an award of attorneys' fees and costs. Under the Settlement Agreement, Class Counsel will seek fees and costs equal to 33.09% of the Settlement Fund in the amount of One Hundred Thirty-Nine Thousand Dollars ($139,000.00). Defendant does not object to Class Counsel's request for fees and costs up to those amounts, and Plaintiff seeks preliminary approval of this award though this motion.

### III. CERTIFICATION OF A RULE 23 SETTLEMENT CLASS IS PROPER

"Federal courts naturally favor the settlement of class action litigation." *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir.1996); *see also* 2 Herbert B. Newberg & Alba Conte, *Newberg on Class Actions* § 11.41 (3d ed. 1992) (collecting cases). Moreover, settlement agreements conserve judicial time and limit expensive litigation. 4 Alba Conte & Herbert Newberg, *Newberg on*

*Class Actions* § 11.41, at 87 (4th ed. 2002) ("The compromise of complex litigation is encouraged by the courts and favored by public policy.").

Where, as here, the parties propose to resolve class litigation through a class-wide settlement, they must obtain the Court's approval. *See* Fed. R. Civ. Proc. 23(e); *In re Northfield Laboratories, Inc. Sec. Litig.*, 06 C 1493, 2012 WL 366852 at *5 (N.D. Ill. Jan. 31, 2012). The parties have agreed to proceed with a two-step approval process. *In re AT & T Mobility Wireless Data Services Sales Lit'n*, 270 F.R.D. 330, 346 (N.D.Ill. 2010). Consistent with that process, Plaintiff's counsel has first submitted the proposed terms of settlement for this Court to make a preliminary fairness evaluation. *Id.; see also Manual for Complex Litigation*, § 21.632 (4th ed. 2004); *Newberg on Class Actions* § 11.25, at 38-39 (endorsing two-step process). If the preliminary evaluation of the proposed class settlement does not disclose grounds to doubt its fairness or other obvious deficiencies, the Court should direct that notice under Rule 23(e) be given to the class members of a formal fairness hearing, at which arguments and evidence may be presented in support of and in opposition to the proposed settlement. *Manual* § 21.633.

At the outset, even before the terms of the settlement are assessed, the proposed class settlement enjoys a presumption of fairness. Courts adhere to "an initial presumption of fairness when a proposed class settlement, which was negotiated at arm's length by counsel for the class, is presented for court approval." *4 Newberg on Class Actions* at § 11.41; *see also Am. Int'l Group, Inc. v. ACE INA Holdings, Inc.*, 07 CV 2898, 2012 WL 651727 at *10 (N.D. Ill. Feb. 28, 2012)(a "presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery")(citation omitted).

Before granting preliminary approval of a settlement, the Court should determine that the proposed Class is a proper class for settlement purposes. *See Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997); *Manual*, § 21.632. A plaintiff seeking class certification must satisfy each requirement of Rule 23(a)—numerosity, commonality, typicality and adequacy of representation—and one subsection of Rule 23(b). *Harper v. Sheriff of Cook County*, 581 F.3d 511, 513 (7th Cir. 2009). When "confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, for the proposal is that there be no trial." *Smith v. Sprint Commc'ns Co.*, 387 F.3d 612, 614 (7th Cir.2004) (quoting *Amchem Prods.*, 521 U.S. at 620). The proposed class meets all of the requirements of Rule 23(a) and satisfies the requirements of Rule 23(b)(3).[2]

### A. The Proposed Class Meets the Requirements of Rule 23(a)

#### 1. Numerosity

First, the proposed class must be "so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). "While there is no threshold or magic number at which joinder is impracticable, a class of more than 40 members is generally believed to be sufficiently numerous for Rule 23 purposes." *Ringswald v. County of DuPage*, 196 F.R.D. 509, 512 (N.D. Ill. 2000). Here, Plaintiff can easily satisfy the numerosity requirement because there are approximately 2,100 Class Members.

#### 2. Commonality

Second, a plaintiff seeking class certification must show that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). This requires that the claims of individual

---

[2] Defendant does not believe that certification would be proper absent a settlement, and reserves the right, should this Court fail to grant approval of this Settlement, to contest every aspect of Rule 23 class certification.

class members arise from a "common nucleus of operative fact," and it is satisfied where the defendant "engaged in standardized conduct towards members of the proposed class." *Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998).

This case involves numerous common issues, arising from Sky Chefs alleged failure to pay Class Members for all time worked (including overtime). Common questions of law and fact here include whether Defendant properly paid its non-exempt employees in Illinois time-and-one-half for all time worked in excess of 40 in a workweek; whether Defendant knowingly required or permitted hourly paid employees to perform unpaid work before and after the start and end times of their shifts or during meal periods; and whether Defendant's timekeeping system deprived those employees of compensable time under the FLSA and IMWL. *See Chavez v. Don Stoltzner Mason Contractor, Inc.,* 272 F.R.D. 450, 454 (N.D.Ill.2011) (finding commonality where defendants had a common practice of underpaying employees for time worked over forty hours per week); *Ross v. RBS Citizens*, No. 09 CV 5695, 2010 WL 3980113, *3 (N.D. Ill. Oct.8, 2010) ("A policy applicable to a class of employees is enough to establish a common question of fact or law.").

### 3. Typicality

Third, "the claims or defenses of the representative parties" must be typical of the claims or defenses of the class. FED. R. CIV. P. 23(a)(3). The typicality requirement is satisfied by a company practice that affects all members of the class. *See Butler v. Am. Cable & Tel.*, LLC, 09 CV 5336, 2011 WL 4729789 (N.D. Ill. Oct. 6, 2011). Here, all Class Members seek the same relief -- payment for time spent working before and after their scheduled shifts and/or for some portion of their unpaid meal period. Plaintiff also claims Defendant's rounding practices denied

the Class wages. See Schmidt, 268 F.R.D. at 327 (typicality established where plaintiffs' claims arose out of defendant's conduct of failing to compensate employees consistent with the IMWL).

    **4.**  **Adequacy**

Fourth, a class representative must be able to "fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "To determine if a named plaintiff has met the adequacy requirement, the Court must ask whether the individual: (1) has antagonistic or conflicting claims with other members of the class; (2) has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) has counsel that is competent, qualified, experienced and able to vigorously conduct the litigation." *Schmidt*, 268 F.R.D. at 328. Here, Mr. Frisby's interests do not conflict with those of the class, and he has the same interest in recovering the overtime wages he and they claim. Additionally, Class Counsel is experienced in all manner of complex litigation, and is committed to vigorously prosecuting this action.

  **B.**  **The Proposed Class Fits Within the Rule 23(b)(3) Category of Cases that May Properly Proceed as a Class Action**

Under Rule 23(b)(3), a case may proceed on a class basis if "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and…a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

    **1.**  **Predominance**

The predominance inquiry of Rule 23(b)3 is "far more demanding than the commonality requirement of Rule 23(a). *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623-24 (1997). In the instant litigation, the principal issues are whether Defendant maintained a policy that required or permitted employees to work without pay before and after shifts and/or during unpaid meal

break times and, relatedly, whether' Defendant's rounding practices denied employees of pay for time worked. These questions will predominate over any individual issues.

## 2. Superiority

To make the "superiority" determination, courts consider "the class members' interests in individually controlling the prosecution or defense of separate actions; the extent and nature of any litigation concerning the controversy already commenced by or against class members; the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3).

Low-dollar amount wage-and-hour claims such as those at issue here are "ideal for resolution as a class action."superior to other available methods of settling this case. *Curry v. Kraft Foods Global, Inc.*, No. 10-1288, 2011 WL 4036129, at *7 (N.D. Ill. Sept. 12, 2011. *See also Butler v. Am. Cable & Tel., LLC*, No. 09-5336, 2011 WL 4729789 (N.D. Ill. Oct. 6, 2011) ("Further, individual employees may face an uphill battle if they attempt to recover what may be a relatively small amount of damages on an individual basis, as the cost of litigation would likely outweigh the benefit").

## IV. THE COURT SHOULD GRANT PRELIMINARY APPROVAL OF THE SETTLEMENT AGREEMENT

### A. The Criteria for Preliminary Settlement Approval are Satisfied

A proposed class settlement will be preliminarily approved if it is "fair, reasonable, and adequate." FED. R. CIV. P. 23(e)(1)(C); *Synfuel Techs., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006). To determine whether a settlement should be preliminarily approved, courts use a five-factor test, in which they consider:

> (1) the strength of the plaintiff's case compared with the terms of the proposed settlement; (2) the likely complexity, length, and expense of continued litigation; (3) the amount of opposition to settlement; (4) the opinion of competent counsel; and (5) the stage of the proceedings and the amount of discovery completed.

*Synfuel*, 463 F.3d at 653; *Isby v. Bayh*, 75 F.3d 1191, 1199 (7th Cir. 1996). A court must not focus on any individual component of the compromise, but instead must view the settlement in its entirety. *Isby*, 75 F.3d at 1199. Finally, a strong presumption of fairness exists where the settlement is the result of extensive arms' length negotiations. *Hispanics United of DuPage County v. Village of Addison, Ill.*, 988 F. Supp. 1130, 1149 n. 6 (N.D. Ill. 1997). The Parties' class action settlement meets all these criteria and clearly falls "within the range of possible approval." *Cook*, 1997 U.S. Dist. LEXIS 1090 at *24.

   1. **<u>Strength of Named Plaintiff's Case as Compared to the Settlement Amount</u>**

One of the key considerations in evaluating a proposed settlement is the strength of the plaintiffs' case as compared to the amount of the defendants' offer. *See Isby*, 75 F.3d at 1199. However, "district courts have been admonished 'to refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights.'" *EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985). Accordingly, in deciding whether to approve the settlement here, this Court must focus on the general principles of fairness and reasonableness, but not on the substantive law governing the plaintiffs' claims. *See id*.

While Plaintiff is confident that his case is strong and would be certified as a class and collective action and proceed to trial, to do so would require significant factual development with strong opposition from Defendant. The consideration to be paid by Defendant to the Class Members here is considerable and the plan of allocation is reasonable. The Settlement

Agreement provides for $276,000 to be paid to Class Members. The settlement payment each Class Member is eligible to receive is based on the total number of weeks the Class Member was employed as a non-exempt employee for Defendant in Illinois during the Class Period. Settlement Agreement, Ex. 1, ¶ 14.

### 2. **Complexity, Length, and Expense of Further Litigation**

A second factor to be considered by the Court is the complexity, length, and expense of litigation that will be spared by the proposed settlement. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1019 (N.D. Ill. 2000). Absent settlement, the Parties would be required to incur the time and expense of the Named Plaintiff pursuing class action certification of this action, which would be hotly contested and difficult for Plaintiff. Assuming certification were granted, the parties would undertake administering notice to the members of the Class and Collective, and permitting them an opportunity to opt-out of this action. Thereafter, the Parties would be required to prepare for the burden and expense of depositions of individual Class Members, summary judgment motions, and possibly a trial to be conducted relating to the claims of potentially thousands of Class Members, along with the defenses raised by Defendant with respect to the Class and to individual Class Members. Post-trial litigation, including appeals, would be likely. Thus, additional litigation undoubtedly would increase the expenses of this litigation and the time of its resolution, but will not reduce the risks the litigation holds for the Class Members. *See Isby*, 75 F.3d at 1199; *see also In re Mexico Money Transfer Litigation*, 164 F. Supp. 2d at 1019. Accordingly, the remaining burden, expenses, and risks for Plaintiff Frisby and the Class Members would be substantial, as continued litigation will require resolution of complex issues at considerable expense.

### 3. There is No Opposition to the Settlement

At this preliminary stage, Class Counsel is unaware of any opposition to the settlement, which provides monetary compensation to all Class Members.

### 4. Opinion of Class Counsel Supports Settlement

Class Counsel are experienced in class and collective action litigation, and have a substantial amount of information to evaluate, negotiate, and make a well-informed determination about the adequacy of the Settlement. In Class Counsel's opinion, the Settlement is fair, reasonable, and adequate. See, Declaration of Jeffrey Grant Brown, Ex. 4. It is appropriate for the Court to place significant weight on the unanimously strong endorsement of this Settlement by Class Counsel. When experienced counsel supports the settlement, as they do here, their opinions are entitled to considerable weight. *See In re Mexico Money Transfer Litigation*, 164 F. Supp. 2d at 1020; *see also Meyenberg v. Exxon Mobil Corp.*, 2006 U.S. Dist. LEXIS 97057 at *18 (S.D. Ill. June 6, 2006). In contrast, "judges should not substitute their own judgment as to optimal settlement terms for the judgment of the litigants and their counsel." *Veizaga v. Nat'l. Bd. for Respiratory Therapy*, 1980 U.S. Dist. LEXIS, 12670 (N.D. Ill. July 14, 1980) (Aspen, J.).

### 5. The Stage of the Proceedings

As explained above, this complex class action was resolved after Class Counsel conducted extensive research, data analysis, and discovery. Thus, the stage of litigation has advanced to a state that Class Counsel could fully and fairly evaluate the value of the Settlement, and believe it to be in the best interest of the Parties.

### 6. Settlement is the Result of Arms' Length Negotiations Without Hint of Collusion

In determining whether a settlement was reached absent any collusion between the Parties, courts look to whether the settlement negotiation was "intense, vigorous, and at arms' length". *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d at 1020. The significant and lengthy negotiation activities in this matter demonstrate the adversarial nature of this litigation. The Parties were able to settle this matter only after they exchanged extensive discovery, and spent significant time negotiating and finalizing the terms of the Settlement Agreement, even after a settlement conference before Magistrate Judge Cole. Such arms' length negotiations conducted by competent counsel constitute *prima facie* evidence of a fair settlement. *Gillespie v. Equifax Info. Servs.*, LLC, 2009 U.S. Dist. LEXIS 131242 at *10 (N.D. Ill. Dec. 18, 2009).

### 7. The Parties' Proposed Notice and Release Are Fair and Adequate

The notice process set forth in the Settlement Agreement provides proper notice to the affected individuals. Rule 23(e)(1)(B) requires the Court to "direct notice in a reasonable manner to all class members who would be bound by" a proposed settlement class, regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3). *Manual for Complex Lit.* at § 21.312. Many of the same considerations govern both certification and settlement notices. In order to protect the rights of absent class members, a court must require the best notice practicable to class members. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 (1985).

The Parties propose to send the Class Action Notice attached as Exhibit 2 to all Class Members via first class U.S. mail, marking the envelope with words identifying the contents as important and/or time sensitive, with the Claims Administrator to take appropriate follow-up steps regarding Class Action Notices that are returned as undeliverable. Many cases in this Circuit have approved such use of first class mailing of a notice to provide notice to absent class

members.³ Courts have approved notice procedures with documents similar to the ones proposed here because they are in a format which is easy for the Class Member to comprehend. Rule 23 requires that a court facilitate the "best notice" to class members that conveys the needed information "clearly and concisely", in "plain, easily understood language." Fed. R. Civ. P. 23(c)(2)(B). The short but thorough notice proposed is likely to be read by Class Members, and likely to be understood. In addition, if the Class Members have any questions regarding the Action or the Settlement, they are provided and encouraged to contact either the Claims Administrator or Class Counsel, via phone or email. Accordingly, the Parties' proposed notice procedure meets the requirements of Rule 23, and Plaintiff requests this Court to approve the form attached hereto as Exhibit 2.

Likewise, the Court should preliminarily approve the releases of claims in the Agreement. *See* Settlement Agreement, Ex. 1, Section. III. 3. Those releases were bargained for at arms-length and are part of the compromise vigorously negotiated and consummated in exchange for the settlement amount. The language of the releases is fair and effectuates the release of claims asserted in the Action or that arise out of or relate to the facts alleged therein.

      **B.**      **Scheduling a Final Approval Hearing is Appropriate**

The last step in the settlement approval process proposed by the parties is a final fairness hearing where the Court may hear any additional evidence, as well as any objections, and any argument necessary to make its final evaluation of the Settlement. Proponents of the Settlement

---

³ These cases include: *George v. Kraft Foods, Inc.*, 2012 U.S. Dist. LEXIS 26536 at *16-17 (N.D. Ill. Feb. 29, 2012); *Hughes v. Merit Lincoln Park, LLC*, 2001 U.S. Dist. LEXIS 139231 at *7-8 (N.D. Ill. Dec. 5, 2011) (citing *Eisen v. Carlisle & Jacqueline*, 417 U.S. 156, 173-75 (1974)); *EEOC v. Roadway Express, Inc.*, 2010 U.S. Dist. LEXIS 143054 at *15-16 (N.D. Ill. Dec. 20, 2011); *Will v. Gen. Dynamics Corp.*, 2010 U.S. Dist. LEXIS 95630 at *17-18 (S.D. Ill. Aug. 9, 2010); *Emi Radaj v. ARS Nat'l Servs.*, 2007 U.S. Dist. LEXIS 100741 (E.D. Wis. Sept. 27, 2007).

may explain the terms and conditions of the settlement, and offer argument in support of final approval. In addition, Class Members, or their independent counsel, may be heard in support of or in opposition to the Settlement. The Court can determine at the Final Approval Hearing whether the Settlement should be approved, and whether to enter a Final Approval Order and judgment under Rule 23(e).

### V.     THIS COURT SHOULD ALSO CONDITIONALLY CERTIFY A FLSA COLLECTIVE ACTION

When reviewing an FLSA collective action settlement, a court normally considers the following factors, similar to a Rule 23 settlement:

> (1) The complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation.

*Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990 (N.D. Ind. 2010). This case is also appropriate for certification under Section 16(b) of the FLSA Under the FLSA, an action may be maintained by an employee or employees on behalf of others who are "similarly situated." 29 U.S.C. § 216(b). Here, Plaintiff and the Class Members are similarly situated for purposes of conditional certification of a collective action for settlement under Section 16(b). Plaintiff and Class Members all claim they were not paid for all hours worked. See, *supra*. Accordingly, Plaintiff contends, and Defendant does not dispute for purposes of settlement only, that conditional certification of the settlement class under 29 U.S.C. § 216(b) is appropriate. *Lynn's Food Stores, Inc. v. United States*, 679 F.3d 1350, 1352-53 (11th Cir. 1982)).

Each of these factors weighs in favor of: (i) preliminarily approving the settlement of Plaintiff's and the putative collective action members' FLSA claims; and (ii) certifying a FLSA collective with the same definition as the Rule 23 Class, comprised of all individuals who worked as non-exempt employees of Defendant in Illinois for at least seven days, at any time during the period from December 5, 2016 through the date of preliminary approval of the settlement ("FLSA Collective" or "FLSA Collective Members").

**Conclusion**

For all of the reasons set forth above, this Court should enter the proposed order attached as Exhibit 3.


Dated: May 14, 2021

                                                  Respectfully submitted,
                                                  */s/ Jeffrey Grant Brown*
                                                  One of the Attorneys for Plaintiffs

| | |
|---|---|
| Jeffrey Grant Brown | Glen J. Dunn, Jr. |
| Jeffrey Grant Brown, P.C. | Glen J. Dunn & Associates, Ltd. |
| 65 West Jackson Blvd., Ste. 107 | 221 North LaSalle St., Ste. 1414 |
| Chicago, IL 60604 | Chicago, IL 60604 |
| T: 312.789.9700 | T: 312.880.1010 |
| jeff@JGBrownlaw.com | GDunn@GJDLaw.com |