## CLASS ACTION SETTLEMENT AGREEMENT

This Class Action Settlement Agreement ("Settlement" or "Settlement Agreement") is made by Plaintiff Larry Frisby ("Class Representative"), individually and on behalf of the class members he seeks to represent under Rule 23 of the Federal Rules of Civil Procedure and collective action members who will opt-in pursuant to this Agreement (together, "Class Members," as defined below), and Defendant Sky Chefs, Inc. ("Defendant") (Class Representative, Class Members, and Defendant are collectively referred to as the "Parties"), in *Larry Frisby, et. al. v. Sky Chefs, Inc.*, et. al., 19-cv-07989 pending in the United States District Court for the Northern District of Illinois ("Action").

## I.   DEFINITION OF "CLASS MEMBERS"

This Settlement Agreement is applicable to all "Class Members" or the "Class," defined as:

All current and former non-exempt hourly paid employees who are or were employed by Sky Chefs, Inc. in Illinois for at least seven days at any point from December 5, 2016 to the date of preliminary approval of the settlement by the Court, who have not excluded themselves from this Action.  The term Class Members includes the Class Representative and all Opt-in Plaintiffs.

Plaintiff will seek, and Defendant will not oppose for purposes of settlement, conditional certification of the Class under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).  Defendant does not consent to certification of the Class for any purpose other than to effectuate Settlement.  If the Court does not enter Final Approval or if for any reason final approval of the Settlement does not occur, is successfully objected to, or successfully challenged on appeal, any certification of any Class will be vacated and the Parties will be returned to their positions with respect to the Action as if the Agreement had not been entered into.

## II.   NO ADMISSION

Nothing contained herein, nor the consummation of this Settlement Agreement, is to be construed as or deemed an admission of liability, culpability, negligence or wrongdoing on the part of any Party or that class or collective action treatment of any claims is appropriate other than for settlement purposes.  All Parties have entered into this Settlement Agreement with the intention to avoid further disputes and litigation based on disputed facts and allegations, and to avoid the costs and risks of further litigation to all Parties.  This Settlement Agreement, and any communications, papers, or orders related to the Settlement Agreement or prior Term Sheet, are settlement documents and shall be inadmissible in evidence in any proceeding.  The preceding sentence shall not apply to an action or proceeding to approve, interpret or enforce this Settlement Agreement.

## III.   SETTLEMENT TERMS

### 1.   Final Approval Date and Effective Date

As used in this Settlement Agreement, "Final Approval" means the date by which the Court enters an order granting final certification, for settlement purposes, of the Class under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b), final approval of the Settlement, and final judgment in the Action ("Final Approval Order"). The term "Effective Date" means the first date on which the Final Approval Order is no longer appealable, or if an appeal is filed, the date on which such appeal is final, subject to the following. Provided that the Final Approval Order is consistent with the terms and conditions of this Settlement Agreement in all material respects, the Class Representative, Class Members, Class Counsel and Defendant all hereby waive any and all rights to appeal from the Final Approval Order. The waiver does not include any waiver of the right to oppose any appeal, appellate proceedings, or post-judgment proceedings. Accordingly, where the Final Approval Order grants full relief sought by the Parties, as set forth in the Settlement Agreement and in the absence of any objection from a Class Member, the Effective Date shall be the date of Final Approval.

**2.    Payment to Class Members**

If the Settlement Agreement becomes final and effective, Class Members who do not exclude themselves from the Settlement will be issued checks consistent with Sections III.6 and III.7 of this Settlement Agreement.

**3.    Release of Claims**

     a.    **Definitions**

"Released Parties" shall refer, jointly and severally, and individually and collectively, to Sky Chefs, Inc. d/b/a LSG Sky Chefs, its owners, shareholders, predecessors, successors, joint venturers, partners, limited partners, assigns, agents, directors, officers, employees, managers, members, representatives, attorneys, parent companies, divisions, indirect or direct subsidiaries, affiliates, customers, vendors, benefit plans, plan fiduciaries, and/or administrators, insurers and reinsurers and all persons acting by, through, under or in concert with any of them, including any party that was or could have been named as a Defendant in the Action.

"Release Period" refers to the time between December 5, 2016 and the date of Final Approval.

     b.    **The Class Representative's General Releases**

Upon the entry of the Final Approval Order by the Court, the Class Representative, on behalf of himself and his heirs, representatives, successors, assigns, and attorneys, remises, releases and forever discharges all claims, obligations, demands, actions, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Parties, whether in common law, tort, contract, or for violation of any local, state or federal statute, rule or regulation arising out of, relating to, or in connection with any act or omission by or on the part of the Released Parties committed or

omitted prior to the date of Final Approval, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown, including, but not limited to, claims under Title VII of the Civil Rights Act of 1964, as amended, the Employee Retirement Income Security Act of 1974, as amended, the Americans with Disabilities Act, the Family and Medical Leave Act, the Rehabilitation Act of 1973 and the Vietnam Era Veterans Readjustment Adjustment Act of 1974, as amended, the Fair Labor Standards Act, the Illinois Minimum Wage Law, the Chicago Minimum Wage Ordinance, and/or any other local, state or federal law, provided that nothing in this paragraph shall release or preclude any claims that cannot be waived or released as a matter of law, any claims to workers' compensation or unemployment benefits, or any right to file a charge with or participate in an investigation conducted by the United States Equal Employment Opportunity Commission or similar agency, but the Class Representative agrees to forfeit any monetary recovery or other relief should the EEOC or any other agency pursue claims on his behalf ("General Release"). The Class Representative enters into this General Release in consideration of the payments and promises set forth in this Agreement.

c.     **Release for Class Members**

Upon the entry of the Final Approval Order by the Court, the Class Members who have not validly and timely opted-out, irrespective of whether or not they negotiate their settlement checks, on behalf of themselves and each of their heirs, representatives, successors, assigns, and attorneys, remise, release and forever discharge the Released Parties of and from any and all federal, state and local wage and hour claims, obligations, demands, actions, rights, liabilities and causes of action of every nature and description whatsoever, known or unknown, asserted or that might have been asserted against the Released Parties, whether in common law, tort, contract, or for violation of any local, state or federal statute, rule or regulation through the date of Final Approval, including without limitation all claims for restitution and other equitable relief, liquidated damages, compensatory damages, punitive damages, overtime wages, penalties of any nature whatsoever, attorneys' fees and costs, whether known or unknown including, but not limited to all federal, state, and local claims for unpaid overtime wages, claims related to the rate of pay of overtime wages, claims for minimum wages, and claims for unpaid wages, including but not limited to, claims under the Illinois Minimum Wage Law and the Chicago Minimum Wage Ordinance.   Provided, however, that Class Members who negotiate their settlement checks shall also release their claims, obligations, demands, actions, rights, liabilities and causes of action asserted against the Released Parties through the date of Final Approval under the Fair Labor Standards Act.

d.     **Offset of Damages**

The Class Members who have not validly and timely opted-out understand and agree that the settlement of Class Members' claims under the Illinois Minimum Wage Law offsets, and effectively moots, any damages attendant to (i.e., that could be recovered pursuant to) claims

under the Fair Labor Standards Act, regardless of whether individual class members elect to consent to pursue those claims in this Action.

e.     **Settlement Check Endorsement**

All Class Members who have not already opted-in to the Action and who negotiate settlement checks shall "opt-in" to the FLSA collective action claims in this Action through their signing, endorsing, depositing, cashing or negotiating of settlement checks; and such opt-in forms shall be filed with the clerk of the court pursuant to Section III, 13 below. Class Members' settlement checks shall contain, on the back of the check, the following limited endorsement:

*CONSENT TO JOIN AND RELEASE OF CLAIMS:*

By signing, endorsing, depositing, cashing or negotiating this check, I consent to join the Fair Labor Standards Act claims in the case *Larry Frisby, et. al. v. Sky Chefs, Inc. et. al.,* No. 19cv7989, pending in the United States District Court for the Northern District of Illinois, and I agree to be bound by the Settlement Agreement in that case. I release and discharge Sky Chefs, Inc. and the Released Parties from all wage and hour claims or causes of action I have while employed by Sky Chefs in Illinois at any point from December 5, 2016 through the date of Final Approval, as stated in the Notice of Class Action Settlement, including, but not limited to claims under the Fair Labor Standards Act, the Illinois Minimum Wage Law and the Chicago Minimum Wage Ordinance.

Dated:                                         Signature

**4.     Settlement Administration**

The Parties have selected Simpluris ("Settlement Administrator") to administer this settlement. The duties of the Settlement Administrator shall be limited to those described in this Agreement, and the Settlement Administrator shall have no discretion beyond that granted by this Agreement. The Settlement Administrator shall be required to agree in writing to treat information it receives or generates as part of the settlement administration process as confidential and to use such information solely for purposes of settlement administration.

**5.     Gross Settlement Amount and Qualified Settlement Fund**

a.     Defendant agrees to pay the Gross Settlement Amount of four hundred twenty thousand dollars ($420,000.00) which shall fully resolve and satisfy any claims for attorneys' fees approved by the Court, any and all amounts to be paid for the individual claims of the Class Representative, any and all amounts to be paid to Class Members, any Court-approved Service Payment(s), all payroll taxes and all other applicable taxes (with the sole exception and exclusion of the employer's share of payroll taxes as described in this paragraph). Other than the employer's share of payroll taxes

and the reasonable settlement administration costs incurred by the Settlement Administrator, both described in this paragraph, Defendant will not be required to pay more than the gross total of four hundred twenty thousand dollars ($420,000.00) under the terms of this Settlement Agreement. If the Class Representative and/or Class Counsel try to impose additional payments, fees, or expenses on Defendant beyond the Gross Settlement Amount, Defendant shall have the right to rescind the Settlement Agreement. Defendant will pay separate and apart from the Gross Settlement Amount (1) the employer's share of payroll taxes on the amount of the Settlement Awards that are allocated as wages, and (2) the reasonable settlement administration costs incurred by the Settlement Administrator.

b.　　　No later than four (4) business days after Final Approval, as set forth in Section III.9.e of this Settlement Agreement, Defendant shall deposit the Gross Settlement Amount into an interest-bearing escrow account to be opened, administered, and controlled by the Settlement Administrator. The account shall be opened and administered by the Settlement Administrator as a Qualified Settlement Fund ("QSF") under § 468B of the Internal Revenue Code of 1986, as amended and Treas. Reg. § 1.468B-1 et seq. While held in the QSF, the funds in the QSF shall accrue interest at the then-current rate of the interest-bearing FDIC insured checking account. The Settlement Administrator shall be the "administrator" of the QSF within the meaning of Treas. Reg. § 1.468B-2(k)(3). Defendant shall be the "transferor" with respect to the QSF within the meaning of Treas. Reg. § 1.468B-1(d)(1). The Settlement Administrator shall provide to Defendant a properly completed and duly executed IRS Form W-9 of the QSF prior to the deposit of the Gross Settlement Amount to the QSF. The Settlement Administrator shall cooperate as requested by Defendant in the making of any election with respect to the QSF, including a "relation-back election" pursuant to Treas. Reg. § 1.468B-1(j).

c.　　　With respect to the QSF, the Settlement Administrator shall: (1) calculate, withhold, remit and report each Class Member's share of applicable payroll taxes (including, without limitation, federal state and local income tax withholding, FICA, Medicare and any state or local employment taxes) and any other applicable taxes (excluding the employer's share of payroll taxes); (2) satisfy all federal, state and local income and other tax reporting, return and filing requirements with respect to the QSF; and (3) satisfy out of the QSF all (i) taxes (including any estimated taxes, interest or penalties) with respect to the interest or other income earned by the QSF, and (ii) fees, expenses and costs incurred in connection with the opening and administration of the QSF and the performance of its duties and function as described in this Settlement Agreement, which such fees, costs and expenses shall be treated as and included in the costs of administering the QSF. The Parties will require the Settlement Administrator to indemnify and hold harmless the Parties for and against any claim or liabilities resulting from errors or omissions in its administration of the QSF.

**6.　　Disbursement of the QSF**

The Settlement Administrator shall disburse the amounts in the QSF as follows, subject to Court approval, and consistent with all other terms and prerequisites of this Agreement, and subject to deduction and withholding for applicable taxes:

      a.      The amount available from the Gross Settlement Amount for the Class Representative's and Class Members' pro rata settlement awards ("Pro Rata Settlement Amount") shall be the Gross Settlement Amount minus the amounts paid to: (i) the Class Representative as Service Award, and (ii) Class Counsel for attorneys' fees. The amounts to be deducted from the Gross Settlement Amount per (i) and (ii) in this paragraph are set forth below in subsections (b) and (c).

      b.      Service Award of $5,000 to the Class Representative; and

      c.      A sum of not more than $139,000 to be paid to Class Counsel for attorneys' fees (as explained in Sections III.8.a-d, below).

**7.**      **Calculation of Settlement Awards**

      a.      A Class Member who does not opt out pursuant to Section III.11 ("Qualified Class Member") will be deemed eligible for a payment hereunder. Regardless of whether he or she signs, negotiates, deposits, endorses or cashes the Settlement Check, any Class Member who does not opt out pursuant to Section III.11 is subject to the release set forth in Section III.3.c.

      b.      The Class Representative's and Qualified Class Members' ratable shares of the Pro Rata Settlement Amount, estimated to equal $276,000, will be determined by Class Counsel pursuant to the following formula. Defendant will provide Class Counsel with the number of weeks worked by each Class Member, which the Settlement Administrator, with approval by Class Counsel, will use to calculate estimated Settlement Payments as set forth in this Section below. As soon as practicable and within three (3) days after receipt of the information from Defendant, the Settlement Administrator will provide Class Counsel and Defendant with its calculation of estimated Settlement Payment amounts for each Class Member.

      (1)      The Settlement Payment of each Qualified Class Member who worked for Sky Chefs for no more than eighteen weeks shall be $25 ("Alternate Payment"). Such individuals are not eligible for the Settlement Payment described in Section III.7.b.(2).

      (2)      Each Qualified Class Member's Settlement Payment, other than those described in in Section III.7.b.(1), shall be calculated as follows:.

      A.      An "Individual Numerator" shall be determined for each Qualified Class Member. For each such person, the

Individual Numerator shall equal the number of weeks that the individual worked for Sky Chefs in a non-exempt hourly paid position between December 5, 2016 and the date of entry of an Order Granting Preliminary Approval.

B. A "Total Denominator" shall be calculated by adding together each of the Qualified Class Members' Individual Numerators.

C. A "Distribution Percentage" shall be determined for each Qualified Class Member by dividing each such person's Individual Numerator by the Total Denominator.

D. A Settlement Payment shall be determined for each such Qualified Class Member by multiplying each such person's Distribution Percentage by the Pro Rata Settlement Amount remaining after the sum of the Alternate Payments described in Section III.7.a.(1) has been subtracted from the Pro Rata Settlement Amount.

c. As provided in Section III.15.c, the funds from settlement checks that are not cashed within one hundred and eighty (180) days from the date the Settlement Administrator issues checks to Class Members , along with any other funds remaining in the QSF, shall be contributed to the parties' designated charitable *cy pres*, help alliance (*see* https://www.helpalliance.org/en/front-page), consistent with applicable law.

d. For income and payroll tax purposes, the Parties agree that fifty percent (50%) of each Settlement Award shall be allocated as wages and shall be subject to required withholdings and deductions and reported as wage income as required by law. The remaining fifty percent (50%) of each Settlement Award shall be allocated as statutory penalties and shall not be subject to required withholdings and deductions as wage income and shall be reported as non-wage income as required by law. The Service Award shall be allocated as non-wage income and shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law. The Settlement Administrator shall withhold the employee's share of any applicable payroll taxes from the portion of each Settlement Award allocated to wages. The Settlement Administrator shall not withhold any taxes from the portion of each Settlement Award allocated to statutory penalties, unless required to do so by applicable law. The Settlement Administrator shall issue to each Class Member who receives a Settlement Check a Form W-2 to the extent required by applicable law, reporting the portion of the Settlement Award allocated to wages, and if required by IRS regulations, a Form 1099, reporting the portion of the Settlement Award allocated to statutory penalties and/or Service Awards. Other than the withholding and reporting requirements herein, the Class Representative and Class Members shall be solely responsible for the reporting

and payment of their share of any federal, state and/or local income or other taxes on payments received pursuant to this Settlement Agreement, and the Class Representative and each Class Member shall indemnify, defend and hold the Released Parties harmless from and against any and all taxes, interest, penalties, attorneys' fees and other costs imposed on any of the Released Parties as a result of that individual's failure to timely pay such taxes that were not employer obligations. Defendant shall have no liability or responsibility whatsoever for taxes of the Class Counsel.

8.    **Fees Award and Service Awards**

a.      Class Counsel shall seek a portion of the Gross Settlement Amount as Attorneys' Fees. The total Attorneys' Fees award shall not exceed $139,000.00. Defendant will not object to or contest this request by Class Counsel for Court approval of this amount. The Court's award of a lesser amount than that requested by Class Counsel shall not nullify the Agreement.

b.      The Attorneys' Fees approved by the Court shall be paid to Class Counsel from the Gross Settlement Amount as set forth in Sections III.6.c and III.9.g. hereof.

c.      Any amounts for Class Counsel's Attorneys' Fees not awarded shall be added to the Settlement Amount available for distribution to Class Members as Settlement Awards.

d.      The payment of the fees award to Class Counsel shall constitute full satisfaction of the obligation to pay any amounts to any person, attorney or law firm for attorneys' fees, expenses or litigation expenses in the Action incurred by any attorney on behalf of the Class Representative and the Class Members, and shall relieve Defendant, the Released Parties, the Settlement Administrator, and Defendant's Counsel of any other claims or liability to any other attorney or law firm for any attorneys' fees, expenses and/ or costs to which any of them may claim to be entitled on behalf of the Class Representative and the Class Members. In exchange for such payment, Class Counsel will release and forever discharge any attorneys' lien on the Gross Settlement Amount.

e.      Class Counsel will apply for a "Service Award" in the amount of $5,000 for the Class Representative, to be paid for his time and effort spent conferring with Class Counsel, filing and pursuing the Action, answering written discovery, producing documents, sitting for a deposition, attending the settlement conference, and in recovering wages on behalf of all Class Members. Defendant agrees not to oppose such application, so long as it is consistent with the provisions of this Settlement Agreement. The Service Award shall be paid from the Gross Settlement Amount in the form of a check, and shall be subject to Court approval. Any amounts for the Service Award not awarded shall be added to the Settlement Amount available for distribution to Settlement Class Members.

9.      **Timeline of Settlement Events**

The Parties agree to the following timeline for settlement events.  The date of Preliminary Approval is the base timeline for all actions.

a.      Within five (5) days after Preliminary Approval, Defendant will provide the Settlement Administrator and Class Counsel with a class list that shall contain all Class Members' names, phone numbers and last-known mailing addresses.

b.      The Settlement Administrator will mail a Class Notice to Class Members as approved by the Court within seven (7) days after receipt of Defendant's production of the Class List.

c.      All objections to the Settlement and requests for exclusion from the Settlement must be postmarked within forty-five (45) days from the date of the mailing of the Class Notice to Class Members; and must comport with the provisions of Section III, 11 of this Agreement to be valid.

d.      Class Counsel shall file a Motion for Final Approval of this Settlement no later than seven (7) days before the Final Approval Hearing.  The Final Approval Hearing shall be set no earlier than 90 days following the Preliminary Approval Hearing.

e.      No later than four (4) business days after Final Approval, Defendant will transfer the Settlement Amount to the QSF account established by the Settlement Administrator.

f.      Defendant shall cooperate with the Settlement Administrator to timely arrive at an amount equal to the employer's share of the FICA tax and any federal and state unemployment tax due that are traditionally borne by employers, with respect to the amounts treated as wages and shall promptly pay such amounts to the QSF. The Settlement Administrator shall be responsible for making, depositing or paying to the IRS or any state or local taxing authority all amounts owed for both the employer's share and employee's shares of all federal, state or local taxes, and withholdings with respect to all amounts payable to Class Members under the EIN of the QSF or the Defendant, and for all tax reporting obligations of the QSF, as required by applicable law.

g.      Within five (5) business days of the Effective Date, the Settlement Administrator will deliver the award of Attorneys' Fees as approved by the Court to Class Counsel.  Within fourteen (14) days of the Effective Date, the Settlement Administrator shall mail all Class Members their pro rata Settlement Awards from the Settlement Amount.  The front of the envelopes containing the settlement checks shall be marked with words identifying the contents as important and/or time sensitive.

h.      The deadline for recipients to cash checks will be one hundred and eighty (180) days from the date the checks are issued by the Settlement Administrator.

i.      Within ten (10) days of the deadline for recipients to cash settlement checks, the Settlement Administrator shall provide copies of all endorsed checks to the Parties in a filing-ready format.

j.      Within ten (10) days of receipt of endorsed settlement checks in filing-ready format, Class Counsel shall file them with the Court.

k.      Any funds remaining from uncashed settlement checks or otherwise remaining in the QSF shall be distributed by the Settlement Administrator to the *cy pres* recipient, help alliance, within 60 days of the expiration of the last such settlement check.

l.      No later than ten (10) days after this proposed class action Settlement is filed in Court, Defendant shall notify the appropriate governmental authorities pursuant to the requirements of the Class Action Fairness Act.

The Parties may, by mutual agreement, agree upon a reasonable extension of time for deadlines and dates reflected by this Agreement, without further notice to the Court.

## 10.   <u>Notice and Approval</u>

a.      The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement to the Court for preliminary approval and conditional certification of the settlement class under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b); (c) entry of the Preliminary Approval Order by the Court conditionally certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b) and preliminarily approving the Settlement Agreement; (d) Court approval of the method of distribution and the form and content of the Notice of Settlement; and (e) filing by Class Counsel, on or before the date of the Final Approval Hearing, the Court-approved Settlement Administrator's declaration, in writing, that the Settlement Notice has been disseminated to the Class Members in accordance with the Court's order.  The Settlement Agreement will become final and effective only upon the occurrence of the following events: (a) the Court enters the Final Approval Order and Final Judgment; and (b) the Effective Date occurs.

b.      If the Effective Date does not occur, or the Court does not grant the Final Approval Order and Final Judgment, or this Settlement Agreement is otherwise nullified pursuant to its terms, this Settlement Agreement shall be null and void, and the agreements described above and elsewhere in this Settlement Agreement shall be of no effect and inadmissible in this or any other action or proceeding.

c.      <u>Preliminary Approval Hearing</u>.  The Class Representative shall move for Preliminary Approval of the Settlement ("Preliminary Approval") after the execution of this Settlement Agreement and by May 14, 2021, or as soon thereafter as practicable.  In

conjunction with the motion for Preliminary Approval, the Class Representative will submit this Settlement Agreement, which sets forth the terms of this Settlement, and will include a proposed form of Class Notice and other documents as attached hereto necessary to implement the Settlement Agreement. In the Preliminary Approval motion, the Class Representative shall request that the Court: (i) grant preliminary approval to the Settlement Agreement; (ii) conditionally certify the settlement Class; (iii) approve the Settlement Notice and the proposed plan for settlement administration described herein; and (iv) schedule a tentative date for a Final Approval Hearing no earlier than 90 days after the date of preliminary approval. The Parties shall also submit an agreed-upon Proposed Order, which is attached hereto as Exhibit B.

d. <u>Notice to Class Members</u>. Notice of the Settlement shall be provided to Class Members, and Class Members shall submit any objections to the Settlement, and/or requests for exclusion from the Class, using the following procedures. On the timetable specified in Section III.9 of this Settlement Agreement, the Settlement Administrator shall send a copy of the Class Notice, attached hereto as Exhibit A, to Class Members via First Class regular U.S. mail. The Class Notice will be mailed using the most current mailing address information, which the Settlement Administrator shall obtain by running each Class Member's name and address through the National Change of Address (NCOA) database or comparable databases. The front of the envelopes containing the Summary Notice will be marked with words identifying the contents as important and/or time sensitive. The Class Notice for each Class Member will include the estimated amount that Class Member will receive in the settlement. The Settlement Administrator shall promptly conduct a second mailing for any Class Member whose Class Notice is returned as undeliverable, provided that a forwarding address is provided by the U.S. Postal Service or is otherwise located by the Settlement Administrator through an Accurint or comparable database search. If after this second mailing, the Class Notice is again returned as undeliverable, and if no other forwarding address is available, the notice mailing process shall end for that Class Member. The Settlement Administrator will operate a telephone line that will allow Class Members to update their contact information.

11. **<u>Procedure for Objecting to or Requesting Exclusion from Class Action Settlement</u>**

a. <u>Procedure for Objecting</u>. The Class Notice shall provide that Class Members who wish to object to the Settlement must mail a written statement objecting to the Settlement to the Clerk of the Court and the Settlement Administrator. Such written statement must be postmarked no later than forty-five (45) days after the date the Class Notice is first mailed (the "Objection/Exclusion Deadline Date"). No Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any Class Member shall be received or considered by the Court at the

Final Approval Hearing, unless written notice of the Class Member's intention to appear at the Final Approval Hearing (if such Class Member does intend to appear either personally or through counsel), and/or copies of any written objections or briefs, have been filed with the Clerk of the Court and provided to the Settlement Administrator on or before the Objection/Exclusion Deadline Date. The date of the postmark on the mailing envelope shall be the exclusive means used to determine whether an objection to the Settlement has been timely submitted. No later than five (5) days after the Objection/ Exclusion Deadline Date, the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel copies of objections received from Class Members. Class Members who fail to submit timely written objections in the manner specified above shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

b.      Procedure for Requesting Exclusion. The Class Notice shall provide that Class Members who wish to exclude themselves from the Class must submit a written statement requesting exclusion from the Class on or before the Objection/Exclusion Deadline Date. Such written request for exclusion must contain the full name, address, telephone number, and the last four digits of the Social Security number the Class Member used when working for Defendant, and must be returned by mail, fax or electronic mail to the Settlement Administrator before the Objection/Exclusion Deadline Date. The date of the postmark on the return mailing envelope or the timestamp on the electronic submission shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Any Class Member who excludes himself or herself from the Class will not be entitled to any recovery under the Settlement and will not be bound by the Settlement or have any right to object, appeal or comment thereon. No later than five (5) days after the Objection/Exclusion Deadline Date, the Settlement Administrator shall furnish to Class Counsel and Defendant's Counsel a complete list of all Class Members who have timely requested exclusion from the Class.

## 12.      **Excessive Opt-Outs**

Defendant reserves the right to void this Agreement if more than two hundred (200) Class Members exclude themselves from the Settlement. In that event, the Class certified under Rule 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b) for purposes of settlement shall be decertified and Defendant retains the right to contest whether this case should be treated as a class action and/or collective action and to contest the merits of the claims being asserted by Plaintiff in the Action.

## 13.      **Procedure for FLSA Opt-Ins**

Pursuant to the FLSA and as set forth in Section III.3(e), all Class Members who sign, endorse, deposit, cash or negotiate a Settlement Check shall give their consent in writing to become a party plaintiff in the FLSA collective action claims asserted in the lawsuit, in accordance with 29 U.S.C. § 216(b). The Class Notice shall provide that Class Members who

endorse any Settlement Check thereby consent in writing to become a party plaintiff in this action pursuant to 29 U.S.C. § 216(b).  Within ten (10) days after the 180-day period for Class Members to cash checks (see Section III.9.h., above) has expired, the Settlement Administrator shall provide copies of endorsed settlement checks to the Parties, which shall include the Consent to Join and Release of Claims endorsement described in Section III.3.e, in filing-ready format.  Class Counsel will file such copies with the Court with ten (10) days of receipt from the Settlement Administrator.  The Parties agree that the procedures set forth in this paragraph shall constitute compliance with the requirements under 29 U.S.C. § 216(b), that persons opting in to an FLSA collective action consent in writing, and that such consent be filed with the Court.

14.     **Final Settlement Approval Hearing and Entry of Final Judgment**

a.     At least seven (7) calendar days prior to the Final Approval Hearing, Class Counsel shall file with the Court: (a) a motion for final approval of settlement; and (b) a copy of the Settlement Administrator's Declaration.

b.     At the Final Approval Hearing, the Parties will request that the Court, among other things, enter a Final Approval Order and Final Judgment that:

(1)     grants final certification, for settlement purposes, of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b);

(2)     approves the Settlement Agreement as a final, fair, reasonable, adequate and binding release of all claims as set forth in Section III.3.c by all Class Members who have not timely opted out;

(3)     approves the Settlement Agreement as a final, fair, reasonable, adequate and binding General Release of all claims as set forth in Section III.3.b by the Class Representative;

(4)     provides that all Class Members who negotiate a settlement check irrevocably consent to join and opt into the FLSA collective action in this Action, and authorizes Class Counsel to file with the Court their consents to join;

(5)     dismisses the Action with prejudice; and

(6)     retains jurisdiction only for the purposes of enforcing the deposit of the Gross Settlement Amount as set forth in Section III.5.a. and ensuring that all consents to join are filed with the Court.

c.     Only counsel for the Parties and Class Members who have filed timely objections to the Settlement Agreement and who have not opted out may participate in the Final Approval Hearing.

d.      The Settlement is contingent on a Final Approval Order and Final Judgment as stated in Section III.14.b.   If the Court does not approve any material condition of this Settlement Agreement that effects a fundamental change to the terms of the settlement hereunder, the entire Settlement Agreement will be voidable and unenforceable.

e.      In the event this Settlement Agreement does not become final for any reason, the Action will proceed as if no settlement has been attempted.  In that event, the class, which was certified under Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b) for purposes of settlement, shall be decertified, and Defendant retains the right to contest whether this Action should proceed as a class action or collective action and to contest the merits of the claims being asserted in this Action.

f.      In the event this Settlement Agreement does not become final and the Notice of Settlement has already been sent to Class Members, the Settlement Administrator will provide notice to the Class Members that the Settlement Agreement did not receive final approval and that, as a result, no payments will be made to Class Members under the Settlement Agreement, in a form jointly agreed upon by the Parties. Such notice shall be mailed by the Settlement Administrator via First Class U.S. Mail, postage prepaid, to the addresses used by the Settlement Administrator in mailing the Notice of Settlement.  The costs of such mailing shall be split equally between Class Counsel and the Defendant.

**15.     Undistributed Settlement Awards**

a.      A Class Member who excludes himself or herself from this Settlement will not receive any payment from the Gross Settlement Amount.

b.      Class Members will have one hundred and eighty (180) days after the issuance of the checks by the Settlement Administrator to cash their checks. The Settlement Administrator will issue checks which on their face are not valid more than one hundred and eighty (180) days after their date of issuance.  If any Class Member's settlement check is not cashed within that 180-day period, the check will be void.  In such event, any Class Member whose check was not cashed will be deemed to have waived irrevocably any right or claim to his or her payment from the Gross Settlement Amount, but the Settlement nevertheless will be binding upon the Class Member.

c.      If the Settlement Administrator is unable to deliver a settlement check to a Class Member, or if a check remains uncashed after the one hundred and eighty (180) day period, the amount of such settlement checks shall be contributed to the *cy pres* recipient, help alliance.

**16.     Nullification of Settlement Agreement**

This Settlement Agreement is contingent upon Final Approval of the Settlement Agreement. If: (i) the Court does not enter the Final Approval Order and Final Judgment as stated in Section III.14.b; (ii) the Court does not finally approve the Class and Settlement as provided herein; (iii) the final judgment in the Action does not become final for any reason; or (iv) the Settlement does not become final for any other reason, this Settlement Agreement shall be null and void, and any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*. In such a case, the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and the Parties shall proceed in all respects as if this Settlement Agreement had not been executed, including that the class certified for purposes of settlement shall be decertified and Defendant reserves all objection to class and conditional certification. In the event an appeal is filed from the Court's Final Approval Order, or any other appellate review is sought prior to the Effective Date, administration of the Settlement shall be stayed pending final resolution of the appeal or other appellate review.

## 17.    Publicity

The Class Representative and Class Counsel will not initiate any press release or contact with the media, nor shall they respond to inquiries from the media with respect to this Settlement with Defendant other than to confirm to the media, if contacted, that information is available through public records.

## 18.    No Effect on Employee Benefits

The Settlement Awards and Service Award paid to the Class Representative and Class Members shall be deemed not to be pensionable earnings and shall not have any effect on the eligibility for, or calculation of, any of the employee benefits (*e.g.*, 401(k) plans, retirement plans, etc.) of the Class Representative and Class Members. The Parties agree that any Settlement Awards and Service Award paid to the Class Representative and Class Members under the terms of this Settlement Agreement do not represent any modification of their previously credited hours of service or other eligibility criteria under any employee pension benefit plan or employee welfare benefit plan sponsored by Defendant.

## 19.    Attachments and Headings

The terms of this Settlement Agreement include the terms set forth in the attached Attachments, which are incorporated by this reference as though fully set forth herein. Any Attachments to this Settlement Agreement are an integral part of the Settlement. The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Settlement Agreement.

## 20.    Amendment or Modification

This Settlement Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest.

21.    **Entire Agreement**

This Settlement Agreement and any Attachments constitute the entire agreement among these Parties relating to any and all matters addressed in the Settlement Agreement, and all prior or contemporaneous negotiations, agreements, understandings, representations, and statements, whether oral or written and whether by one of the Parties or such Parties' legal counsel, shall be deemed superseded by this Settlement Agreement, including the terms of the Term Sheet executed by the Parties. No rights hereunder may be waived or modified except in a writing signed by all Parties and approved by the Court.

22.    **Authorization to Enter into Settlement Agreement**

The signatories warrant and represent they are expressly authorized by the Parties whom they represent to negotiate this Settlement Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement. The Parties and their counsel will cooperate with each other and use their best efforts to affect the implementation of the Settlement. In the event the Parties are unable to reach agreement on the form or content of any document needed to implement the Settlement, or on any supplemental provisions that may become necessary to effectuate the terms of this Settlement, the Parties may seek the assistance of the Court to resolve such disagreement.

23.    **Binding on Successors and Assigns**

This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors or assigns of the Parties hereto, as previously defined.

24.    **Illinois Law Governs**

All terms of this Settlement Agreement and the Attachments hereto shall be governed by and interpreted according to the laws of the State of Illinois.

25.    **Counterparts**

This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument. Signatures transmitted by fax or .pdf shall have the same effect as an original ink signature.

26.    **This Settlement is Fair, Adequate and Reasonable**

The Parties warrant and represent they have conducted a thorough investigation of the facts and allegations in the Action. The Parties further represent and warrant that they believe

this Settlement Agreement represents a fair, adequate and reasonable Settlement of this action and that they have arrived at this Settlement Agreement through extensive arms-length negotiations, taking into account all relevant factors, present and potential.

27. **Jurisdiction**

Any claim concerning enforcement of the Settlement Agreement, or the subject matter hereof, will be resolved solely and exclusively by the United States District Court for the Northern District of Illinois.

28. **Cooperation and Drafting**

Each of the Parties has cooperated in the drafting and preparation of this Settlement Agreement. Hence, in any construction made to this Settlement Agreement, the same shall not be construed against any of the Parties.

29. **Invalidity of Any Provision**

Before declaring any provision of this Settlement Agreement invalid, the Court shall first attempt to construe the provisions valid to the fullest extent possible consistent with applicable precedents so as to define all provisions of this Settlement Agreement valid and enforceable.


[REMAINDER OF PAGE INTENTIONALLY BLANK]


DATED: ___May 14___, 2021.     By:_____

Jeffrey Grant Brown
One of the Attorneys for the Class Representative
and the Class Members

DATED: _____, 2021.     Larry Frisby


By:_____
        Class Representative



DATED: ___May 14___, 2021.     SKY CHEFS, INC.


By:_____


Its: Assistant Secretary_____