UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY FRISBY,<br><br>   Plaintiff,<br><br> v.<br><br>SKY CHEFS, INC.,<br><br>   Defendant. | Civil Action No. 19-cv-07989<br><br>Judge Matthew F. Kennelly |

**ORDER GRANTING PRELIMINARY APPROVAL**

  After engaging in months of discovery and participating in a settlement conference with Magistrate Judge Cole, and notwithstanding their adversarial positions in this matter, Plaintiff Larry Frisby ("Plaintiff") and his counsel and Defendant Sky Chefs, Inc. ("Defendant") and its counsel negotiated a settlement of this litigation. On March 14, 2021, Plaintiff filed a Motion For Order (1) conditionally certifying the Settlement Class, (2) granting preliminary approval to the proposed Class Action Settlement, (3) approving the settlement notice and the proposed plan for settlement administration, and (4) setting a date for a Final Approval Hearing no earlier than 90 days after the date of preliminary approval. After reviewing the Parties' Class Action Settlement Agreement ("Agreement"), together with the proposed Notice of Class Action Settlement, as well as Plaintiffs' Unopposed Motion for Order Conditionally Certifying Class and Preliminarily Approving The Parties' Proposed Class Action Settlement and supporting documents, and after hearing arguments of counsel for the Parties, the Court preliminarily approves the Settlement Agreement, and finds and orders as follows:

1

1.      The Parties have entered into the Settlement Agreement solely for the purposes of compromising and settling their disputes in this matter.  As part of the Settlement Agreement, Defendant agreed not to oppose, for settlement purposes only, conditional certification under Federal Rule of Civil Procedure 23 and 29 U.S.C. § 216 of the following settlement class (the "Settlement Class"):

> All current and former non-exempt hourly paid employees who are or were employed by Sky Chefs, Inc. in Illinois for at least seven days at any point from December 5, 2016 to the date of this Order, who have not excluded themselves from this Action.  The term Class Members includes the Class Representative and all Opt-in Plaintiffs.

The Court conditionally certifies, for the purposes of settlement only, the Settlement Class pursuant to Fed. R. Civ. P. 23 and 29 U.S.C. § 216(b).  The Court appoints Jeffrey Grant Brown and Glen J. Dunn, Jr. as Class Counsel.  The Court appoints Larry Frisby as Class Representative.

2.      The Court hereby preliminarily approves the settlement memorialized in the Agreement for the reasons set forth in Plaintiff's motion seeking preliminary approval, on the record at the hearing before the Court and as set forth herein, as a fair, reasonable and adequate resolution of a bona fide dispute between the parties.  The settlement and proposed plan of allocation appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court, such that notice to the Class is appropriate.  The Agreement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action litigation in general and with the legal and factual issues of this case in particular.

3.      The Court approves, as to form and content, the proposed Notice of Class Action Settlement attached to the Motion as Exhibit 2.  The Court finds that this procedure for notifying the Class about the Settlement as described in the Agreement provides the best notice practicable under the circumstances and therefore meets the requirements of due process.  Members of the

Class who sign, negotiate, deposit or cash a Settlement Check in this matter join the collective action pursuant to Section 16(b) of the Fair Labor Standards Act.

4. If, for any reason, the Settlement Agreement ultimately does not become effective, Defendant's agreement not to oppose conditional certification of the settlement class shall be vacated; the Parties shall return to their respective positions in this lawsuit as those positions existed immediately before the Parties executed the Settlement Agreement; and nothing stated in the Settlement Agreement, the Motion, this Order, or in any attachments to the foregoing documents shall be deemed an admission of any kind by any of the Parties or used as evidence against, or over the objection of, any of the Parties for any purpose in this action or in any other action. In particular, the class certified for purposes of settlement shall be decertified, and Defendant will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff.

5. A hearing, for purposes of determining whether the Agreement should be finally approved, shall be held before this Court on September 2, 2021 at 9:30 a.m., telephonically (subject to subsequent order of this Court reserving the possibility of an in-person hearing) by calling 888-684-8852, conference code 746-1053, in Courtroom 2103 of the U.S. District Court, 219 S. Dearborn, Chicago, Illinois. At the hearing, the Court will determine whether to grant final certification of the Settlement Class, and the FLSA collective action, and final approval of the Settlement Agreement and plan of allocation, and final judgment dismissing the Action with prejudice. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for a Service Award to be made to the Class Representative.

6. All Class Members objecting to the terms of the Settlement must do so in writing, following the procedures set forth in the Settlement Agreement and the Notice, no later than forty-

five (45) days from the date of the mailing of the Class Notice to Class Members (the "Objection/Exclusion Deadline Date"). Any such objection must be in writing and filed with the Court and sent to the Claims Administrator, as well as Class Counsel and counsel for Defendant, and must be filed and postmarked on or before the Objection/Exclusion Deadline Date; or said objection will not be heard.

7. Any Class Member who wishes to be excluded (*i.e.,* to Opt-Out) from the Settlement Class and not participate in the proposed Settlement must complete and deliver a written statement requesting exclusion from the Class to the Claims Administrator no later than the Objection/Exclusion Deadline Date, as specified in the Agreement.

8. Any Class Member may enter an appearance in this action, at his or her own expense, individually or through counsel of their own choice. Any Class Member who does not enter an appearance or Opt-Out of the Settlement Class will be represented by Class Counsel.

9. Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed settlement of this action should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why attorneys' fees should or should not be awarded to Class Counsel, or why the Class Representative should or should not receive extra compensation in the form of a Service Award; provided, however, that no Class Member or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or, if awarded, compensation for the Class Representative or the attorneys' fees awarded to Class Counsel, unless that Class Member has, no later than the Objection/Exclusion Deadline Date, filed with the Court, and has served by first class mail on the Claims Administrator, Class Counsel, and counsel for Defendant their written objection, and

copies of any papers and briefs in support thereof, explaining the basis for the objection. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and serve his or her objection in the manner provided in the Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as incorporated in the Agreement.

10. Class Counsel shall file their petition for an award of attorneys' fees and costs no later than seven (7) days prior to September 2, 2021.

11. All papers in support of final approval of the Settlement shall be filed and served no later than seven (7) days prior to September 2, 2021.

12. In the event that the Effective Date (as defined and explained in the Agreement) does not occur, or the Court does not grant the Final Approval Order and Final Judgment, the Agreement shall be deemed null and void; any order or judgment entered by the Court in furtherance of this Settlement shall be treated as void *ab initio*; the class certified for purposes of settlement shall be decertified; and the Parties and any funds to be awarded under this Settlement shall be returned to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement. Defendant will retain the right to contest whether this case should be maintained as a class action or collective action and to contest the merits of the claims being asserted by Plaintiff.

IT IS SO ORDERED.

Dated this 20th day of May, 2021

_____
Judge Matthew F. Kennelly
U.S. District Court for the
Northern District of Illinois