UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY FRISBY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SKY CHEFS, INC.,<br><br>Defendant. | Civil Action No. 19-cv-07989<br><br>Judge Matthew F. Kennelly |

**ORDER GRANTING FINAL APPROVAL AND FINAL JUDGMENT**

After reviewing Plaintiffs' Unopposed Motion For Final Approval Of The Parties' Class And Collective Action Settlement and supporting documents, and after hearing arguments of counsel for the Parties, the Court finds and orders as follows:

1. This Court has jurisdiction over the subject matter of the Action, and over all parties to the action, including over all members of the Settlement Class.

2. The Court grants final approval of the Settlement memorialized in the Settlement Agreement filed with the Court.

3. The Settlement Class and Collective under Rule 23 and 29 U.S.C. § 216(b), previously preliminarily and conditionally certified for settlement purposes, consisting of all current and former non-exempt hourly paid employees who are or were employed by Sky Chefs, Inc. in Illinois at any point for at least seven days from December 5, 2016 through May 20, 2021 who have not previously excluded themselves from this Action, is hereby finally certified as a class and collective for purposes of settlement, and is bound to the terms set forth in the parties' Settlement

Agreement. Tanka Ivanova properly submitted an opt out request and has excluded herself from this Action, and is not a Settlement Class Member. All defined terms contained herein shall have the same meanings as set forth in the Settlement Agreement filed with this Court.

4. The Settlement Agreement is a fair, reasonable, and adequate resolution of a bona fide dispute between the parties, in Class Members' best interests, and in full compliance with all requirements of due process and federal law. The Settlement Agreement is finally approved in all respects and its terms and provisions shall be consummated.

5. The Court approves the Settlement as a final, fair, reasonable, adequate, and binding release of the claims of Plaintiff and Class Members as provided in the Settlement Agreement. The Court has reviewed Plaintiff's release and the releases of Class Members as set forth in Sections 3(a), (b), (c), (d), and (e), and finds them to be fair, reasonable, and enforceable under the FLSA, Rule 23 and all applicable law.

6. The opt-in acknowledgments contained on the backs of the Settlement Checks shall be filed with the Court, and each Class Member who signs, endorses, deposits, cashes, or negotiates his or her settlement check irrevocably consents to join and opt into the FLSA collective action and authorizes Class Counsel to file with the Court their consents to join. Each Class Member, regardless of whether such Class Member cashes, deposits, endorses, signs, or negotiates his or her settlement check, releases his or her claims as set forth in the Agreement.

7. The Class Notice sent to Class Members adequately informed the Class Members of the terms of the Settlement Agreement, their estimated recovery if the Settlement was approved, the process available to them to obtain monetary relief, their right to request exclusion from the Settlement and pursue their own remedies, and their opportunity to file written objections and appear and be

heard at the Final Approval Hearing. Thus, the Court finds that the Class Notice to Class Members satisfied the requirements of Rule 23 and the FLSA.

8. The Parties entered into the Settlement Agreement solely for the purpose of compromising and settling disputed claims. Defendant in no way admits any violation of law or any liability whatsoever to Plaintiff or the Class, individually or collectively, all such liability being expressly denied by Defendant.

9. The Court approves the settlement payments to be made to Class Members as set forth in the Settlement Agreement.

10. The Claims Administrator shall mail the settlement checks in accordance with the provisions of the Settlement Agreement.

11. The Class Members shall have one-hundred eighty (180) days from the date the checks are issued to negotiate, deposit or cash their payment, and any funds remaining in the Qualified Settlement Fund established by the Administrator shall thereafter be distributed to the *cy pres* charity as set forth in the Settlement Agreement.

12. The Court approves the Incentive Award to Named Plaintiff in the amount of $5,000.00.

13. The Court approves the payment of attorneys' fees, costs, and expenses to Plaintiff's Counsel in the amount of $139,000.00.

14. Except as otherwise provided in the Settlement Agreement or herein, the settling Parties are to bear their own attorneys' fees and costs.

15. The Court hereby dismisses with prejudice the Action in its entirety and all claims contained therein. By operation of the entry of this Final Approval Order and Final Judgment, all released claims are fully, finally and forever released, relinquished and discharged, pursuant to the terms of the releases set forth in the Settlement Agreement, as to all Class Members. The Court hereby

permanently enjoins and restrains all Class Members from asserting any and all claims that were released pursuant to the Settlement Agreement. The Court shall retain jurisdiction solely for the purposes of ensuring that all consents to join are filed with the Court.

IT IS SO ORDERED.

Dated this 2nd day of September, 2021

_____
Judge Matthew F. Kennelly
U.S. District Court for the
Northern District of Illinois